BENSON ET AL. *vs.* ALLISON.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

In an action for work and labor performed under a contract, the plaintiff reciting in his petition an order or draft, not negotiable, drawn in his favor by the defendant on a third person, and the defendant denying due diligence in the presentation of the draft, and claiming a discharge on that ground: *held* that the draft was not to be considered as a commercial bill of exchange, but was merely an indication of a settlement between the parties, showing the amount really due on the contract, and for this purpose it was admissible in evidence.

The petition avers that the plaintiffs, having completed a contract for work, made between them and John Allison, received on a settlement with him, an order or draft, dated 1st August, 1833, drawn by said Allison, on J. D. Baldwin, in favor of the plaintiffs, for the sum of four hundred and eighty-five dollars and fifty-five cents, payable at sight; that the said draft was presented to the drawer, who refused payment of the same, and that the draft was thereupon protested for non-payment.

To these allegations the defendant answers, that he acknowledges his signature to the draft sued on, but denied that he is liable to pay the same, for want of due diligence on the part of the plaintiffs and drawees, in the presentation for acceptance and payment, and in the protest of the draft, and also for want of due notice of its dishonor; which notice, as well as all other allegations of the petition, he denies.

In case the court should decree, that the payees of said draft have been guiltly of no laches in the promises, then he pleads in payment a sum of one hundred dollars, paid by him to them on account of work done upon the upper market.

The draft in question was written in the following words:

"Mr. J. D. Baldwin, please pay to Messrs. Benson and Elleby, four hundred and eighty-five dollars and fifty-five cents, and charge the same to my account.

signed,          "John Allison.

"New Orleans, 1st August, 1833."

The protest was dated on the 30th of September, 1833, and the notary public certified that not knowing where to find the drawer, he had notified him of the protest, by a letter addressed to him, and deposited on the same day in the post office of New-Orleans.

*J. D. Baldwin*, testified for the plaintiffs, that he had refused to pay the draft, because he was not bound by his contract with the defendant, to do so. The witness had funds in his hands belonging to defendant, at the time of presentment.

*Headington* testified that at the request of the plaintiffs he measured the work performed by the plaintiffs, on the market, in faubourg St. Mary. After the measurement defendant appeared satisfied with it.

The plaintiffs had judgment for three hundred and thirty-two dollars and thirty-three cents, and the defendant having failed in his attempt to obtain a new trial, appealed.

*Preston*, for plaintiffs and appellees.

*Buchanan*, *contra*, contended that:

1. Improper evidence was admitted on the part of the plaintiffs, in the court below.
2. The plaintiffs were guilty of laches in the presentation of the draft sued upon for acceptance and payment, which has released the drawer.
3. The notice of protest was illegal and insufficient.
4. There is error apparent in the judgment.

MATHEWS, J., delivered the opinion of the court.

This suit is brought to recover the value of work and labor performed by the plaintiffs under contract with the defendant. They obtained judgment in the court below, from which the latter appealed.

The petitioners recite an order or draft drawn in their favor by the defendant, on J. D. Baldwin, who, according to

the evidence, was the prime undertaker of the work, a part of which was done by the plaintiffs, at the instance of Allison, who appears to have been a sub-contractor. The only defence set up against this claim, is want of legal diligence on the part of the plaintiffs, in endeavouring to collect the amount of the draft from the drawee; which, perhaps, might prevail, if the instrument were to be considered in the light of a commercial bill of exchange.

In an action for work and labour performed under a contract, the plaintiff reciting in his petition an order or draft not negotiable, drawn in his favor by the defendant on a third person, and the defendant denying due dilligence in the presenta tion of the draft, and claiming a discharge on that ground; held that the draft was not to be considered as a commercial bill of exchange, but was merely an indication of a settlement be tween the parties, showing the amount really due on the contract, and for this purpose it was admissible in evidence.

We are however of opinion that the court below was correct in refusing to it this character. It was not drawn in a negociable form, and may properly be considered as merely indicative of a settlement between the parties, showing the amount really due to the claimants on that contract at that time, and for this purpose was properly received in evidence. The allegation in the petition of the existence of the previous contract, and performance on the part of the plaintiffs, is not denied.

Ten per cent. is claimed as damages in the answer to the appeal, but we do not believe that the circumstances of the case require that any penalty should be inflicted on the appellant.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs in both courts.